**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RICHARD M. METZLER | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 4:13-CV-278 |
| | § | |
| XPO LOGISTICS, INC. and BRADLEY S. JACOBS | § § | |
| | § | |
| *Defendants.* | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

On September 5, 2013, the United States Magistrate Judge issued his report and recommendation [Doc. #39], this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. The Magistrate Judge recommended that Plaintiff's Motion for Partial Summary Judgment [Doc. #19] be denied as premature. Also on that same date, the Magistrate Judge entered an Order granting XPO Logistics, Inc's Rule 56(d) motion [Doc. #38].

Plaintiff filed his objections to the report and recommendation on September 19, 2013 [Doc. #40]. Defendant filed its response on September 30, 2013 [Doc. #42]. The Magistrate Judge determined that the defendant's Federal Rule of Civil Procedure 56(d) motion should be granted because the defendant was able to demonstrate that it could not present facts essential to justify its opposition, and that the plaintiff's motion for partial summary judgment was premature [Doc. #38]. The Magistrate Judge granted the defendant's request to allow for a reasonable time for discovery in order to obtain the facts necessary for defendant's response to the summary judgment motion. In the report and recommendation currently before the court, the Magistrate

Judge recommended that the plaintiff's partial summary judgment motion be denied without prejudice and subject to refiling after a reasonable time for discovery has passed [Doc. #40].

To the extent that the plaintiff is challenging the order of the Magistrate Judge granting the defendant's Rule 56(d) motion, the appropriate way to challenge the order is through a motion to reconsider.  That motion is not before the court, and the court will not address the issues related to that order, since it involved a non-dispositive matter for disposition by the Magistrate Judge.

Plaintiff objects to the finding of the Magistrate Judge that discovery is appropriate to allow the defendant to obtain facts to justify its opposition.  Specifically, the plaintiff contends that there is no discovery that could be conducted that could uncover a relevant fact issue.  However, this argument merely rehashes the arguments made by the plaintiff in its briefing, and the Magistrate Judge already rejected this reasoning.  The Magistrate Judge noted that there were questions of law for the court to consider related to the summary judgment motion; however, the Magistrate Judge also noted that there are factual issues that may inform a decision on the matters of law.  Further, the Magistrate Judge also noted that should the court be asked to consider reformation of the documents, that there would be no facts available to the court to allow it to do this without some discovery.  This court agrees, and the plaintiff's objection is overruled.

Plaintiff also objects to the failure of the Magistrate Judge to set a limit on the scope or time period for discovery.  However, as Defendant sets out in its response, this issue was not before the Magistrate Judge.  Plaintiff did not request a limited discovery schedule, nor has Plaintiff filed a motion requesting such relief or brought this issue before the court at any time.  Thus, the plaintiff's objection is overruled.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the court concludes the plaintiff's objections are without merit and are, therefore, overruled.

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. #39] is hereby adopted, and Plaintiff's Motion for Partial Summary Judgment [Doc. #19] is **DENIED.**

So **ORDERED** and **SIGNED** this **25** day of **October, 2013.**

_____
Ron Clark, United States District Judge