# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| RICHARD M. METZLER | § | |
| | § | |
| V. | § | CASE NO. 4:13-CV-278 |
| | § | Judge Mazzant |
| XPO LOGISTICS, INC. and | § | |
| BRADLEY S. JACOBS | § | |

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE THE EXPERT TESTIMONY OF GORDON DEVENS

Pending before the Court is Plaintiff's Motion to Exclude the Expert Testimony of Gordon Devens (Dkt. #82). After considering the motion, the response, and the relevant pleadings, the Court finds the motion is denied.

### BACKGROUND

Plaintiff, Richard M. Metzler ("Metzler"), entered into an Employment Agreement with XPO Logistics, Inc. ("XPO") on or about October 5, 2011 (the "Employment Agreement"), to become the Senior Vice President of Acquisitions for XPO. XPO is a North American company providing transportation logistics services in the non-asset based logistics sector, meaning that it arranges logistics and transportation services for customers utilizing assets such as trucks, railcars, and planes owned by others. In his position as Senior Vice President of Acquisitions, Metzler's primary function was to leverage his experience and network to explore, identify, and analyze potential acquisition opportunities for XPO. On May 2, 2013, Metzler was placed on paid leave pending an investigation into suspected activities that were adverse to XPO's interests. This case arises out of the circumstances surrounding Metzler's paid leave, the subsequent investigation, and termination.

1

On March 6, 2014, Plaintiff filed its motion to exclude the expert testimony of Gordon Devens (Dkt. #82). On October 14, 2014, Defendant filed its reply (Dkt. #117).

**LEGAL STANDARD**

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in the issue. FED. R. EVID. 702. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court instructed courts to function as gatekeepers and determine whether expert testimony should be presented to the jury. 509 U.S. 579, 590-93 (1993). Courts act as gatekeepers of expert testimony "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

The party offering the expert's testimony has the burden to prove by a preponderance of the evidence that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590-91. A proffered expert witness is qualified to testify by virtue of his or her "knowledge, skill, experience, training, or education." FED. R. EVID. 702. Moreover, in order to be admissible, expert testimony must be "not only relevant, but reliable." *Daubert*, 509 U.S. at 589. "This gate-keeping obligation applies to all types of expert testimony, not just scientific testimony." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (citing *Kumho*, 526 U.S. at 147).

In deciding whether to admit or exclude expert testimony, the Court should consider numerous factors. *Daubert*, 509 U.S. at 594. In *Daubert*, the Supreme Court offered the following, non-exhaustive list of factors that courts may use in evaluating the reliability of expert testimony: (1) whether the expert's theory or technique can be or has been tested; (2) whether

the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the challenged method; and (4) whether the theory or technique is generally accepted in the relevant scientific community. *Id.* at 593-94; *Pipitone*, 288 F.3d at 244. When evaluating *Daubert* challenges, courts focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate." *Daubert,* 509 U.S. at 594.

The *Daubert* factors are not "a definitive checklist or test." *Daubert,* 509 U.S. at 593. As the Court has emphasized, the *Daubert* framework is "a flexible one." *Id.* at 594. The test for determining reliability can adapt to the particular circumstances underlying the testimony at issue. *Kumho*, 526 U.S. at 150-51. Accordingly, the decision to allow or exclude experts from testifying under *Daubert* is committed to the sound discretion of the district court. *St. Martin v. Mobil Exploration & Producing U.S., Inc.*, 224 F.3d 402, 405 (5th Cir. 2000) (citation omitted).

Rule 403 dictates the court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Furthermore, the Fifth Circuit has consistently held that an expert may not render conclusions of law. *Snap–Drape, Inc. v. C.I.R.,* 98 F.3d 194, 198 (5th Cir. 1996); *see also Goodman v. Harris County,* 571 F.3d 388, 399 (5th Cir. 2009) ("[a]n expert may never render conclusions of law."); *Owen v. Kerr–McGee Corp.,* 698 F.2d 236, 240 (5th Cir. 1983) ("allowing an expert to give his opinion on legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant.")

## ANALYSIS

Plaintiff contends that XPO's expert Gordon Devens ("Devens"), is not qualified to testify as an expert on the topics set forth in the disclosures. Specifically, Plaintiff complains

that Devens is XPO's general counsel, is responsible for legal matters at XPO, and is involved in XPO's acquisitions and growth strategy. Plaintiff asserts that Devens has little actual experience in the "third-party logistics industry," which is the subject-matter on which he intends to testify. Plaintiff argues that XPO has not provided a resume for Devens, which might answer many questions regarding his qualifications.

Defendant notes that Devens intends to testify in large part as a fact witness with personal knowledge about XPO's policies and procedures with respect to the use of confidential information and other issues. However, XPO also designated Devens as an expert on some issues to avoid a possible objection to non-disclosure of an expert when Devens offered testimony regarding mergers and acquisitions generally.

Defendant also contends that Devens is a non-retained expert to whom Federal Rule of Civil Procedure 26(a)(2)(C) applies, and they were not required to provide background information or other support for Devens' credentials at this time. The Court agrees. Federal Rule of Civil Procedure 26(a)(2)(B) states that the disclosure of a witness must be accompanied by a written report, "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Devens does not fit this type of witness as he is not retained or specially employed to provide expert testimony, and he is not an employee whose duties regularly involve giving expert testimony. Thus, Defendant's disclosure regarding Devens was only required to state: "(i) the subject matter on which the witness is expected to present evidence…; and (ii) a summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(C). Further, XPO generally represents that Devens has considerable experience in the third-party logistics industry, especially regarding mergers and acquisitions (Dkt. #117 at 4).

Specifically, Devens was first a lawyer in the mergers and acquisitions department of New York law firm Skadden, Arps, Slate, Meagher & Flom, then in various positions with AutoNation, Inc., the country's largest automotive retailer, and most recently with XPO as Senior Vice President and General Counsel. *Id*. Defendant contends that Devens has over twenty years of relevant experience in the industry. *Id*. While at AutoNation, Inc., Devens had principal responsibility for all legal aspects of AutoNation's mergers and acquisitions program, and then as Vice President of Corporate Development, Devens had principal responsibility for developing and executing AutoNation's mergers and acquisitions program. *Id*. Now, in his role at XPO, Devens is responsible for executing XPO's mergers and acquisitions program, and in the three years he has been with XPO, Devens has been involved in 13 acquisitions involving approximately $1.6 billion in purchase price. *Id*.

Federal Rule of Evidence 702 states that an expert must be qualified by knowledge, skill, experience, training, or education in order to testify. Whether an expert is qualified to testify is a question of law. *Mathis v. Exxon Corp.*, 302 F.3d 448, 459-60 (5th Cir. 2002). The Fifth Circuit has held that "[t]o qualify as an expert, the witness must have such knowledge or experience in [his] field or calling to make it appear that his opinion or inference will probably aid the trier in his search for truth." *Hunt v. McNeil Consumer Healthcare*, 297 F.R.D. 268, 276 (2014) (quoting *United States v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004) (alterations in the original) (internal quotation marks omitted)). "A court must exclude an expert witness if the witness is not qualified to testify in a particular field or on a given subject." *Engenium Solutions, Inc. v. Symphonic Technologies, Inc.*, 924 F. Supp. 2d 757, 769 (S.D. Tex. 2013) (quoting *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999)). However, "Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue." *Id*. (quoting *Huss v. Gayden*, 571 F.3d 442, 452

5

(5th Cir. 2009)). The issue of qualifying as an expert has been described as presenting a "low threshold" for the proponent to clear. *Thomas v. Deloitte Consulting LP*, No. 3–02–CV–0343–M, 2004 WL 5499955, at *3–4 (N.D. Tex. Nov. 30, 2004).

The Court finds that Devens is qualified to testify regarding industry standards in the third-party logistics industry, particularly as it involves a company's acquisitions and mergers, based primarily on his years of experience in that industry.

Plaintiff also asserts that Devens' testimony should be excluded because it is not relevant to any of the pending claims. Defendant asserts that Devens' testimony is highly relevant. Particularly, Defendant contends that Devens' testimony about company and industry standards regarding mergers and acquisitions activity is relevant to XPO's claim that Plaintiff breached his fiduciary duties to XPO.

Federal Rule of Evidence 402 provides that evidence which is not relevant is not admissible. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. The Court agrees that Devens' testimony is relevant to the issue of whether Plaintiff breached his fiduciary duties to XPO. Further, the Court finds that, at this time, there is no reason to exclude Devens' testimony under Federal Rule of Evidence 403, as Devens' testimony will aid the fact finder in resolving issues of fact that are of consequence in the litigation.

Finally, Plaintiff contends that Devens should not testify because he was one of the primary decision makers on behalf of XPO who decided to investigate and terminate Plaintiff. Plaintiff contends that his opinions are biased and cannot be helpful to a trier of fact. In addition, Plaintiff contends that Devens' testimony is not on a topic that is subject to rigorous standards, as is required by *Daubert*.

As to Devens' potential bias, the Court finds that his primary testimony will be on the issue of industry standards and XPO's policies and procedures regarding the treatment of confidential information. Plaintiff is certainly able to cross-examine Devens on his position with XPO, and any potential bias that might result from that. However, Devens' testimony is relevant and his potential bias as a decision maker is not a basis to exclude his testimony.

As to the scientific reliability of Devens' testimony, a witness' experience, studies and education, combined with a review of the relevant materials can provide a reliable basis for expert testimony. *Perez v. City of Austin*, No. A-07-CA-044 AWA, 2008 U.S. Dist. LEXIS 36776, *32-33 (W.D. Tex. 2008); *see also Pipitone*, 288 F.3d at 247 (citing *Kumho*, 526 U.S. at 137 ("no one denies that an expert might draw a conclusion from a set of observations based on extensive and specialized experience.")). "[T]he factors identified in *Daubert* may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Leasehold Expense Recovery, Inc. v. Mother's Work, Inc.*, No. 3-00-CV-00485, 2001 WL 36100383, at *1 (N.D. Tex. Feb. 15, 2001) (quoting *Kumho*, 526 U.S. at 150). Further, Plaintiff's concerns regarding the testimony of expert witnesses may be addressed in cross-examination. "'[T]he trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system.'" *Allison v. NIBCO, Inc.,* NO. 9:02-CV-172(TH), 2003 WL 25685229, at *1 n.1 (E.D. Tex. May 21, 2003) (citing *United States v.*

*14.38 Acres of Land Situated in Leflore County, Mississippi*, 80 F.3d 1074, 1078 (5th Cir. 1996)). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id*.

Thus, for the foregoing reasons, the Court finds that Plaintiff's motion to exclude the testimony of Devens is denied.

## CONCLUSION

Based on the foregoing, the Court finds that Plaintiff's Motion to Exclude the Expert Testimony of Gordon Devens (Dkt. #82) is **DENIED**.

**IT IS SO ORDERED.**
**SIGNED this 15th day of December, 2014.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE